**NOT FOR PUBLICATION**

## UNITED STATES DISTRICT COURT
## DISTRICT OF NEW JERSEY

| | |
|---|---|
| DIEGO CHAVES and KO INTERNATIONAL CORPORATION,<br><br>Plaintiffs,<br><br>v.<br><br>INTERNATIONAL BOXING FEDERATION,<br><br>Defendant. | Civil Action No.: 16-1374 (JLL)<br><br>**MEMORANDUM OPINION** |

Presently before the Court is Plaintiffs' application for an order requiring Defendant to show cause why a preliminary injunction should not issue, filed on March 22, 2016. (ECF No. 3.) Plaintiffs seek a preliminary injunction requiring Defendant in part to cancel a boxing match scheduled for March 26, 2016. For the reasons below, the Court denies the application without prejudice.

Federal Rule of Civil Procedure 65 sets forth the requirements for "injunctions and restraining orders" and generally requires notice to the non-moving party. In particular, Rule 65 states that a "court may issue a preliminary injunction *only on notice* to the adverse party." Fed. R. Civ. P. 65(a)(1) (emphasis added). Alternatively,

> The court may issue a temporary restraining order without written or oral notice to the adverse party or its attorney *only if*:
> (A) specific facts in an affidavit or a verified complaint clearly show that immediate and irreparable injury, loss, or damage will result to the movant before the adverse party can be heard in opposition; *and*
> (B) the movant's attorney certifies in writing any *efforts made to give notice and the reasons why it should not be required.*

Fed. R. Civ. P. 65(b)(1). To be clear, it is only in the "exceptional case where ex parte relief is appropriate" that the Court will grant the order to show cause without notice, in which case the Court would "include provisions for service on the opposing party." L. Civ. R. 65.1(c), Comment. In other words, it is not enough for a movant to simply include provisions for notice in the proposed order under Local Civil Rule 65.1(c) without also satisfying Federal Rule of Civil Procedure 65, as Local Civil Rule 65.1 merely "complements and implements the limitations of Fed. R. Civ. P. 65." L. Civ. R. 65.1, Comment.

The notice requirement of Rule 65 "is not merely a procedural nicety, but rather, a fundamental aspect of procedural due process under the Constitution." *Anderson v. Davila*, 125 F.3d 148, 156 (3d Cir. 1997) (citing *Fuentes v. Shevin*, 407 U.S. 67, 80 (1972)). Although the Rule is silent as to how much notice is sufficient, the Supreme Court has observed that the Rule requires, at the very least, "a hearing in which the defendant is given a fair opportunity to oppose the application and to prepare for such opposition." *Granny Goose Foods, Inc. v. Brotherhood of Teamsters*, 415 U.S. 423, 432 n. 7 (1974) (citation omitted). In *Anderson*, the Third Circuit declined to read into the rule a minimum five-day notice requirement (as had the Fifth Circuit), but reiterated that the non-movant must have a "fair opportunity to prepare to explain their actions to the district court." *Anderson*, 125 F.3d at 157 (finding two weeks to be sufficient notice).

Here, there is no indication that Plaintiffs' provided notice to Defendant, nor is there a certification explaining why notice should not be required. Thus, Plaintiffs have not satisfied the requirements of Federal Rule of Civil Procedure 65. Accordingly, the Court shall deny the application without prejudice.

To the extent that Plaintiffs intend to renew their application, the Court notes that injunctive

relief is an "'extraordinary remedy' and 'should be granted only in limited circumstances.'" *Kos Pharms, Inc. v. Andrx Corp.*, 369 F.3d 700, 708 (3d Cir. 2004) (quoting *Am. Tel. & Tel. Co. v. Winback & Conserve Program, Inc.*, 42 F.3d 1421, 1427 (3d Cir. 1994)). To be entitled to such relief, the movant must "make a clear showing of immediate and irreparable injury or a presently existing actual threat." *Marsellis-Warner*, 51 F. Supp.2d 51 F. Supp. 2d 508, 528 (D.N.J. 1999) (quoting *Aciemo v. New Castle County*, 40 F.3d 645, 655 (3rd Cir. 1994)); *see also Acierno v. New Castle Cty.*, 40 F.3d 645, 655 (3d Cir. 1994) ("[M]ore than a risk of irreparable harm must be demonstrated.") (quotation omitted).

Based purely on a cursory review of the documents presently before the Court, the nature and extent of irreparable harm is not clear, given that Plaintiffs waited until the last minute to file this application. The bout which Plaintiffs seek to enjoin is taking place this Saturday, March 26, 2016, but was sanctioned by Defendant on November 23, 2015—nearly four months ago. (ECF No. 3-1, Rivera Decl. ¶ 33.) "[D]elay . . . knocks the bottom out of any claim of immediate and irreparable harm." *Pharmacia Corp. v. Alcon Labs., Inc.*, 201 F. Supp. 2d 335, 383 (D.N.J. 2002); *see also New Dana Perfumes v. The Disney Store, Inc.*, 131 F. Supp. 2d 616, 630 (M.D. Pa. 2001) (delay of two months in sending demand letter and five months in moving for relief precludes preliminary injunction). It is true that caselaw suggests that the services of a professional boxer and promoter are unique in a way that more readily leads to a finding of irreparable harm.[1] However, if Plaintiffs intend to re-file, they are advised to address why they waited until four days prior to deadline to file their application, especially given that this delay may preclude Defendant from receiving adequate notice.[2]

---

[1] *See, e.g., Lewis v. Rahman*, 147 F. Supp. 2d 225, 234, 237 (S.D.N.Y. 2001).
[2] The Court additionally notes that L. Civ. R. 7.2 requires that "any brief shall include a table of contents and a table

For the foregoing reasons, Plaintiffs' application for an order requiring Defendant to show cause why a preliminary injunction should not issue, filed on March 22, 2016, (ECF No. 3), shall be denied. An appropriate Order accompanies this Opinion.

DATED: March 22, 2016

                                              JOSE L. LINARES
                                              UNITED STATES DISTRICT JUDGE

---

of authorities," both of which are absent from the brief presently before the Court.